John E. Bauer and Hazel E. Bauer v. Commissioner.
Bauer v. Commissioner
Docket No. 1483-70 SC.
United States Tax Court
T.C. Memo 1970-358; 1970 Tax Ct. Memo LEXIS 5; 29 T.C.M. (CCH) 1784; T.C.M. (RIA) 70358; December 31, 1970, Filed John E. Bauer, pro se, 5816 Etwanda Ave., Tarzana, Calif. Lawrence Weisensee, for the respondent. SACKS Memorandum Findings of Fact and Opinion SACKS, Commissioner: Respondent determined a deficiency in the income tax of petitioners for the year 1967 in the amount of $522.07. One of the issues raised by petitioners having been settled by agreement of the parties, the sole issue remaining for decision is whether petitioners are entitled, in the year 1967, to a deduction for certain items listed on their return as "bad debts from construction business - uncollectable." 1785 Findings of Fact Some of the facts have been stipulated by the parties. Their stipulation, together with an attached exhibit, is incorporated herein by this reference. *6 John E. and Hazel E. Bauer are husband and wife who resided in Tarzana, California at the time their petition was filed herein. Their joint return for the year 1967, made on the cash basis and for the calendar year period, was filed with the district director of internal revenue, Los Angeles, California. Hazel E. Bauer has been joined herein solely by virtue of her participation in filing the above joint return. Therefore, as used hereinafter, the term "petitioner" will refer only to John E. Bauer. Sometime during the year 1953 petitioner organized, as a sole proprietorship, a home improvement business known as "John E. Bauer Construction." Its principal place of business was 10 Tarry Lane, Levittown, New York. In 1959 this business was terminated by petitioner, and he thereafter moved with his family to California, where he now resides. At the time petitioner terminated the business of John E. Bauer Construction there remained owing, from certain former customers, amounts due on open account. At least five of these accounts petitioner left for collection with an attorney in Levittown named Max Weiner. Thereafter, and subsequent to petitioner's move to California, Weiner wrote *7 to him concerning these accounts. The date of Weiner's letter is June 7, 1961, and the clear implication thereof is that the accounts left with him by petitioner were uncollectible. Petitioner filed Weiner's letter, together with other records of his former business, away in his garage and forgot about the matter. Then, in the summer of 1967, some six years later, while making a search through his old records in connection with another matter, petitioner came upon a file containing the Weiner correspondence and other documents relating to the open accounts of John E. Bauer Construction. From this file he selected, on a basis not clear from the evidence, several accounts which he then claimed as bad debts on his joint income tax return for the year 1967. Upon audit of petitioner's return, respondent disallowed these claimed bad debts on the grounds that petitioner had failed to prove that (1) any debts in fact existed, (2) that if they did exist, they were worthless and (3) that if they were worthless, such worthlessness occurred in the taxable year 1967, the year at issue. Ultimate Finding of Fact Petitioner has failed to prove that he is entitled to any deduction for bad *8 debts in the taxable year 1967. Opinion Section 166(a) of the Internal Revenue Code of 1954 provides that there shall be allowed as a deduction any debt which becomes worthless within the taxable year. It is clear from the regulations (section 1.166-1 and 2, Income Tax Regs.) that in order to be entitled to the statutory deduction, a taxpayer must establish (1) a bona fide debt, (2) which became worthless, (3) in the taxable year in which it is claimed as a deduction. The requirements of the regulation are cumulative and failure to establish any one of the requisite elements must result in rejection of the claimed deduction. In his representation of himself petitioner was concise and to the point. The Court was impressed with his candor. He testified that when he terminated his home improvement business in 1959 there were some accounts still open. This the Court believes. He testified that he had made attempts to collect some of these accounts and met, as he was advised by his lawyer in 1961, with limited or no success. He further testified that he could not substantiate the exact amounts claimed on his return for 1967 as bad debts, and in any event it was *9 his belief that each of such debts had become uncollectible prior to 1967. These being the facts as adduced upon the record, we have no alternative but to hold that petitioner has failed to establish, within the purview of section 166 and the regulations thereunder, that he is entitled to a deduction for the items claimed on his joint return for 1967 as bad debts. Reviewed and adopted as the report of the Small Tax Case Division. To reflect our opinion herein and the agreement of the parties, Decision will be entered under Rule 50.1786